UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORIN LIZOTTE and JERRAD LIZOTTE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No: 3:22-CV-00110 |
| ) | |
| TYSON FOODS, INC. and WAL-MART ) | |
| STORES EAST, LP, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**

Plaintiffs, Lorin and Jerrad Lizotte, by counsel, for their cause of action against the Defendants, Tyson Foods, Inc. ("Tyson") and Wal-Mart Stores East, LP ("Walmart"), hereby state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs, Lorin and Jerrad Lizotte, are citizens of the State of Indiana, residing in Wadesville, Indiana, in Posey County.

2. Defendant Tyson Foods, Inc. ("Tyson") is incorporated under the laws of the State of Delaware, with its Corporate Office located at 2200 W. Don Tyson Parkway, Springdale, Arkansas, making it a citizen of Arkansas.

3. Defendant Wal-Mart Stores East, LP ("Walmart") is incorporated under the laws of the State of Delaware, with its principal place of business at 708 SW 8th Street, Bentonville, Arkansas, making it a citizen of Arkansas.

4. Defendant Walmart did business in Indiana operating a Walmart Supercenter (Facility #1263) located at 401 N. Burkhardt Road, Evansville, Indiana 47715.

5. Defendant Tyson sold its products at Defendant Walmart's Facility #1263.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**SUMMARY OF FACTS**

7. On March 1, 2021, and March 18, 2021, Lorin Lizotte purchased Tyson Fully Cooked Oven Roasted Diced Chicken Breast 22 oz. (Frozen) (hereinafter "the Chicken") from the Walmart Supercenter in Evansville, Indiana. (see image below)



8. Lorin took her purchase home and put it in her freezer, and on June 28th and 29th, Lorin cooked dinner with the Chicken.

9. On July 5, 2021, following consumption of the Chicken, Lorin began experiencing symptoms of food poisoning, including, but not limited to, excessive diarrhea, vomiting, nausea, blood in her stool, and premature contractions followed by abdominal pain.

10. As a direct result of the Chicken manufactured/produced by Tyson and sold by Walmart, Plaintiff was exposed to Listeria while pregnant and diagnosed with Campylobacter Jejuni.

11. On July 3, 2021, Tyson Foods, Inc. recalled approximately 8.5 million pounds of ready-to-eat (RTE) chicken products produced between December 26, 2020 and April 13, 2021 due to *Listeria monocytogenes* contamination. The USDA provided a full list of the recalled products under, Recall 023-2021.

12. The Chicken was included in the USDA Recall 023-2021 list of recalled Tyson food products.

## COUNT I – STRICT LIABILITY OF TYSON FOODS, INC.

13. The Plaintiffs reassert, reallege, and incorporate paragraphs one (1) through twelve (12) herein by reference.

14. Defendant Tyson's Chicken contained Listeria at the time it was sold.

15. Defendant Tyson sold the Chicken in a defective condition unfit for consumption to its customer, Plaintiff, Lorin Lizotte.

16. Defendant Tyson's Chicken reached the consumer without substantial alteration from the time of production to the time it was sold.

17. Plaintiff, Lorin Lizotte, was in the class of persons that defendant Tyson should reasonably have foreseen as being subject to harm caused by the contaminated Chicken, and the Chicken was expected to and did reach the plaintiff, Lorin Lizotte.

18. Defendant Tyson is in the business of producing and selling meat and other food products, and was the producer/manufacturer of the Chicken.

19. As a direct and proximate result of the Chicken sold by defendant, Tyson, plaintiff, Lorin Lizotte, was exposed to Listeria while pregnant and was diagnosed with Campylobacter Jejuni. She sustained severe injuries, incurred medical expenses, lost wages, endured pain and suffering, endured pain and mental anguish for the safety of her unborn child and will continue to incur such losses in the future.

20. As a direct and proximate cause of Lorin's experience, Plaintiff Jerrad Lizotte has experienced a loss of consortium, as the health of his wife and unborn child were put at risk, and Lorin's inability to work lost wages for the household.

WHEREFORE, plaintiffs, Lorin and Jerrad Lizotte, pray for judgment against defendant Tyson in an amount which will fully and fairly compensate Plaintiffs for their injuries and damages, for costs of this action, for interest as allowed by law, and for all other relief just and proper in the premises.

## **COUNT II – NEGLIGENCE OF TYSON FOODS, INC.**

21. Plaintiffs reassert, reallege, and incorporate paragraphs one (1) through twenty (20) herein by reference.

22. Defendant Tyson, through its agents and employees, was careless and negligent in failing to ensure proper food safety practices were followed, with said negligence including, but not limited to, the following:

    a. Failure to use reasonable care in handing its food products;

    b. Selling food contaminated with Listeria;

    c. Failing to use reasonable care in preparing its food products;

    d. Failure to use reasonable care in packaging its food products; and

    e. Failure to use reasonable care to inspect its food products to ensure that said food products were fit and safe for consumption.

23. As a direct and proximate result of the Chicken sold by defendant, Tyson, plaintiff, Lorin Lizotte, was exposed to Listeria while pregnant and was diagnosed with Campylobacter Jejuni. She sustained severe injuries, incurred medical expenses, lost wages, endured pain and suffering, endured pain and mental anguish for the safety of her unborn child and will continue to incur such losses in the future.

24. As a direct and proximate cause of Lorin's experience, Plaintiff Jerrad Lizotte has experienced a loss of consortium, as the health of his wife and unborn child were put at risk, and Lorin's inability to work lost wages for the household.

WHEREFORE, Plaintiffs Lorin and Jerrad Lizotte pray for judgment against Defendant, Tyson Foods Inc., in an amount which will fully and fairly compensate Plaintiffs for their injuries and damages, for costs of this action, for interest as allowed by law, and for all other just and proper relief in the premises.

## **COUNT III – NEGLIGENCE OF DEFENDANT WALMART**

25. Plaintiffs reassert and reallege rhetorical paragraphs one (1) through twenty-four (24) and reincorporates them herein by reference.

26. Defendant Walmart sold contaminated food to customers, including Lorin Lizotte, at the Walmart Supercenter (Facility #1263).

27. Defendant Walmart, through its agents and employees, was careless and negligent in failing to ensure proper food safety practices were followed, with said negligence including, but not limited to, the following:

    f. Failure to use reasonable care in handing its food products sold at the Walmart Supercenter (Facility #1263);

    g. Selling food contaminated with Listeria;

    h. Failing to use reasonable care in the sale of food products;

    i. Failure to use reasonable care in refrigeration and preservation of its food products; and

    j. Failure to use reasonable care to inspect its food products to ensure that said food products were fit and safe for sale and consumption.

28. As a direct and proximate result of the Chicken sold by defendant, Tyson, plaintiff, Lorin Lizotte, was exposed to Listeria while pregnant and was diagnosed with Campylobacter Jejuni. She sustained severe injuries, incurred medical expenses, lost wages, endured pain and suffering, endured pain and mental anguish for the safety of her unborn child and will continue to incur such losses in the future.

29. As a direct and proximate cause of Lorin's experience, Plaintiff Jerrad Lizotte has experienced a loss of consortium, as the health of his wife and unborn child were put at risk, and Lorin's inability to work lost wages for the household.

WHEREFORE, Plaintiffs Lorin and Jerrad Lizotte pray for judgment against Defendant, Wal-Mart Stores East, LP in an amount which will fully and fairly compensate Plaintiffs for their injuries and damages, for costs of this action, for interest as allowed by law, and for all other just and proper relief in the premises.

### COUNT IV – FAILURE TO WARN AS TO DEFENDANTS TYSON AND WALMART

30. Plaintiffs reassert and reallege rhetorical paragraphs one (1) through twenty-nine (29) and reincorporates them herein by reference

31. Pursuant to Indiana Code § 34-20-4-2, a product is defective if the seller fails to properly package or label the product to give reasonable warnings of danger about the product; or give reasonably complete instructions on the proper use of the product; when the seller, by exercising reasonable diligence, could have made such warnings or instructions available to the user or consumer.

32. Both Tyson and Walmart had a duty to warn Lorin Lizotte of the risks and dangers associated with it food product.

33. Both Tyson and Walmart breached their duty to warn Lorin Lizotte by failing to give reasonable warnings associated with its contaminated food product.

34. Both Tyson and Walmart, in exercising reasonable diligence, could have made such warnings available to Lorin Lizotte prior to her purchase and consumption of the chicken.

35. As a direct and proximate cause of Defendants, Tyson and Walmart's failure to warn, plaintiff, Lorin Lizotte, was exposed to Listeria while pregnant and was diagnosed with

Campylobacter Jejuni. She sustained severe injuries, incurred medical expenses, lost wages, endured pain and suffering, endured pain and mental anguish for the safety of her unborn child and will continue to incur such losses in the future.

36. As a direct and proximate cause of Lorin's experience, Plaintiff Jerrad Lizotte has experienced a loss of consortium, as the health of his wife and unborn child were put at risk, and Lorin's inability to work lost wages for the household.

WHEREFORE, Plaintiffs Lorin and Jerrad Lizotte pray for judgment against Defendant, Wal-Mart Stores East, LP in an amount which will fully and fairly compensate Plaintiffs for their injuries and damages, for costs of this action, for interest as allowed by law, and for all other just and proper relief in the premises.

### COUNT V- TYSON AND WALMART'S BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37. Plaintiffs reincorporate and reallege paragraphs one (1) through thirty-six (36) as if set forth fully herein.

38. The Uniform Commercial Code as identified in Indiana Code § 26-1-2, *et seq.*, applies to Lorin Lizotte's purchase of the Chicken manufactured by Tyson and sold at Walmart.

39. Pursuant to Indiana Code § 26-1-2-314, when Lorin Lizotte purchased the Chicken manufactured by Tyson and sold by Walmart an implied warranty of merchantability attached to the sale.

40. Walmart and Tyson breached their respective implied warranty of merchantability in one or more of the following ways:

    a. selling and/or manufacturing Chicken that were not of fair and average quality;

      b.      selling and/or manufacturing chicken that was not adequately packaged and labeled so as to warn of the risks and hazards associated with the consumption the Chicken; and

      c.      selling and/or manufacturing Chicken which contained Listeria.

41.    As a direct and proximate cause of Tyson and Walmart's breach of its implied warranty of merchantability, plaintiff, Lorin Lizotte, was exposed to Listeria while pregnant and was diagnosed with Campylobacter Jejuni. She sustained severe injuries, incurred medical expenses, lost wages, endured pain and suffering, endured pain and mental anguish for the safety of her unborn child and will continue to incur such losses in the future.

42.    As a direct and proximate cause of Lorin's experience, Plaintiff Jerrad Lizotte has experienced a loss of consortium, as the health of his wife and unborn child were put at risk, and Lorin's inability to work lost wages for the household.

43.    Plaintiffs seek all damages available to them under Indiana Code § 26-1-2-715.

WHEREFORE, Plaintiffs Lorin and Jerrad Lizotte pray for judgment against Defendant, Wal-Mart Stores East, LP in an amount which will fully and fairly compensate Plaintiffs for their injuries and damages, for costs of this action, for interest as allowed by law, and for all other just and proper relief in the premises.

### COUNT VI- WALMART'S BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

44.    Plaintiffs reincorporate and reallege paragraphs one (1) through forty-three (43) as if set forth fully herein.

45.    The Uniform Commercial Code as identified in Indiana Code § 26-1-2, *et seq.*, applies to Lorin Lizotte's purchase of Chicken sold at Walmart.

46. At the time of the sale of the Chicken, Lorin Lizotte was in privity of contract with Walmart.

47. Pursuant to Indiana Code § 26-1-2-315, when Lorin Lizotte purchased the Chicken sold by Walmart an implied warranty of fitness for a particular purpose attached to the sale.

48. At the time of the sale of the Chicken, Walmart knew or had reason to know that the Chicken would be consumed by Lorin Lizotte and that Lorin Lizotte was relying on Walmart's skill and judgment to furnish Chicken free of any harmful substances such as Listeria.

49. Walmart breached its implied warranty of fitness for a particular purpose when it sold to Lorin Lizotte the Chicken which contained Listeria.

50. The Chicken purchased by Lorin Lizotte from Walmart was not fit for the particular purpose for which it was bought.

51. As a direct and proximate cause of Tyson and Walmart's breach of its implied warranty of merchantability, plaintiff, Lorin Lizotte, was exposed to Listeria while pregnant and was diagnosed with Campylobacter Jejuni. She sustained severe injuries, incurred medical expenses, lost wages, endured pain and suffering, endured pain and mental anguish for the safety of her unborn child and will continue to incur such losses in the future.

52. As a direct and proximate cause of Lorin's experience, Plaintiff Jerrad Lizotte has experienced a loss of consortium, as the health of his wife and unborn child were put at risk, and Lorin's inability to work lost wages for the household.

53. Lorin Lizotte seeks all damages available to him under Indiana Code § 26-1-2-715.

WHEREFORE, Plaintiffs Lorin and Jerrad Lizotte pray for judgment against Defendant, Wal-Mart Stores East, LP in an amount which will fully and fairly compensate Plaintiffs for their injuries and damages, for costs of this action, for interest as allowed by law, and for all other just and proper relief in the premises.

        Respectfully submitted,

        /s/ *Christopher G. Stevenson*
        Christopher G. Stevenson, #24689-49
        Wilson Kehoe Winingham LLC
        2859 North Meridian Street
        Indianapolis, IN 46208
        TEL: (317) 920-6400
        FAX: (317) 920-6405
        E-MAIL: cstevenson@wkw.com
        *Attorney for Plaintiffs*